Carolyn Perkins, Esq. (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
Telephone: (801) 405-9954
E-mail: cperkins@12law.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
E-mail: Lfuller@fullerfuller.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN FISHER, Individually, and ACCESS 4 ALL, INC., a Florida Non-Profit Corporation, | |
| Plaintiffs, | **COMPLAINT** (Injunctive Relief Demanded) |
| vs. | Case No.: |
| URBAN SALT LAKE HOTEL COMPANY, LLC, a Foreign Limited Liability Company, | |
| Defendant. | |

Plaintiffs, STEVEN FISHER, Individually, and ACCESS 4 ALL, INC., a Florida Non-Profit Corporation, on their behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiffs") hereby sue the Defendant, URBAN

SALT LAKE HOTEL COMPANY, LLC, a Foreign Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, STEVEN FISHER, is an individual who resides in Stansbury Park, Utah, in the County of Tooele.

2. Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the State of Florida. ACCESS 4 ALL, INC. maintains its principal office in the County of Los Angeles.

3. Defendant's property, DoubleTree Suites by Hilton Hotel Salt Lake City, is located at 110 West 600 South, Salt Lake City, Utah, 84101 in the County of Salt Lake.

4. Venue is properly located in the District of Utah because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. §2201 and §2202.

6. Plaintiff, Steven Fisher has suffered and will continue to suffer direct and indirect injury as a result of the Defendants discrimination until the Defendant is compelled to comply with the requirements of the ADA.

7. Plaintiff, Steven Fisher is a Utah resident, is *sui juris*, and qualified as an individual with disabilities as defined by the ADA. Mr. Fisher has cancer in his spine, and four metal rods in place to hold the cadaver bone in his back. He frequently needs to use a wheelchair

for mobility.

8. Plaintiff, ACCESS 4 ALL, INC. is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

9. Steven Fisher of Access 4 All, Inc., has visited the property on November 29 and November 30, 2018 which forms the basis of this lawsuit and plans to return to the property once the barriers to access are corrected, and the facility become fully accessible.

10. Steven Fisher, of Access 4 All, Inc., has encountered architectural barriers at the subject property, which have endangered his safety, as set forth in paragraph 14 hereof.

11. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is a property known as DoubleTree Suites by Hilton Hotel Salt Lake City, and is located at 110 West 600 South, Salt Lake City, Utah 84101.

12. Access 4 All, Inc. and one or more of its members, including Steven Fisher, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-

compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 14 of this Complaint. Plaintiffs have reasonable grounds to believe that user members will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiffs desire to visit the subject property not only to avail themselves of the goods and services available at the properties but to assure themselves that the property is in compliance with the ADA so that the individual Plaintiffs, the disability group and others similarly-situated will have full and equal enjoyment of the properties without fear of discrimination.

13.     The Defendant has discriminated against the individual Plaintiffs, and one or more members of the Plaintiff organization, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. "12182 et seq.

14.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of DoubleTree Suites by Hilton Hotel Salt Lake City has shown that violations exist. These violations that Steven Fisher has personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

### Parking

a) There is no route to the street and sidewalk from the hotel which is in violation of ADAAG and 2010 ADAS requirements. This condition prevents Plaintiff access to the subject property to safely enter and exit without using the vehicular route.

b) The ramps in the parking area have excessive slopes which violates Section 405 of 2010 ADAS requirements. This created a dangerous condition for the Plaintiff and can cause him to fall out of his wheelchair.

c) There are excessive slopes to enter the hotel which violate 2010 ADAS requirements. This created a hazard to the Plaintiff.

d) Access out of the hotel leads to curbs in violation of 2010 ADAS requirements. This condition prevents unassisted access by the Plaintiff.

e) There is no accessible route to parking for those using wheelchairs which is in violation of ADAAG and Section 402 of 2010 ADAS requirements. This condition prevents safe access to the Plaintiff.

f) Garage areas lead to stairs violating Section 502 of 2010 ADAS requirements. This condition prevents access by the Plaintiff.

g) The smoking area in garage is inaccessible and is in violation of 2010 ADAS. This condition prevents access by the Plaintiff.

h) Cross slope on exterior route impede Mr. Fisher's path of travel to and through hotel area from streets, sidewalks and transit which violates 2010 ADAS requirements.

i) Accessible parking spaces contain slopes that are inaccessible and impede Mr. Fisher's ability to enter the hotel building which violates ADAAG Section 4.6 and 2010 2010 ADAS Section 502.

j) The accessible parking signs are below the required height and violate ADAAG and 2010 ADAS Section 502. This condition made it difficult for Plaintiff to identify disabled parking.

### Entrance Access and Path of Travel

k) Doors to enter buildings from parking spaces lacks required maneuvering space and entrance door thresholds exceed ½" in height violating ADAS requirements. This condition prevented unassisted access by the Plaintiff.

### Access to Goods and Services

l) The pool and spa are inaccessible which violates 2010 ADAS requirements. This condition denied the Plaintiff access to the hotel's facilities.

m) The dining area lacks knee and toe clearance which violates 2010 ADAS requirements. This condition prevented access to the Plaintiff.

n) Bars are inaccessible to wheelchair users and the boarding pass station is beyond reach and violates ADAAG and 2010 ADAS requirements. These conditions deny access to the Plaintiff.

o) The emergency phones are beyond reach and violates the 2010 ADAS requirements. This condition denied access to the Plaintiff.

p) The sun deck is accessed by stairs and impedes Mr. Fisher's ability to enter the sun deck area which is in violation of ADAAG and 2010 ADAS requirements. This condition denied access to the Plaintiff.

q) The coat hooks and folding table in laundry room are mounted beyond the allowable limits and violates the ADAAG and 2010 ADAS requirements. This condition denied access to the Plaintiff.

r) Mr. Fisher was unable to access the laundry area which lacked the required maneuvering space to traverse and is in violation of ADAAG and 2010 ADAS requirements.

## Access to Common Area Restrooms

s) Lavatory lacks knee space in violation of 2010 ADAS requirements. This condition prevents access to the lavatory by Plaintiff.

t) The grab bars are obstructed by the seat cover dispenser and is in violation of ADAAG and 2010 ADAS requirements. This condition makes access to the grab bar difficult by the Plaintiff.

u) The changing table is mounted at an excessive height which violates the ADAAG and 2010 ADAS requirements.

v) The stall door is not self closing and lacks the required hardware which is in violation of the ADAAG and 2010 ADAS requirements. This condition makes use of the stall difficult for the Plaintiff.

w) The mirrors are mounted in excess of 40" above finished floor which is in violation of the ADAAG and 2010 ADAS requirements. This condition made access to the mirrors difficult for the Plaintiff.

x) The paper towel dispenser is beyond reach and is in violation of the ADAAG and 2010 ADAS requirements. This condition prevented access by the Plaintiff.

y) There are multiple urinals with none accessible for wheelchair users which violate ADAAG Section 4.15 and 2010 ADAS Section 605. This can prevent availability by the Plaintiff.

z) There is no ambulatory stall provided where required which violates the ADAAG and 2010 ADAS requirements. This condition limits the facility's accessible features available to Plaintiff.

## Access to Guestroom Areas

aa) The thermostatic controls are beyond reach violating the 2010 ADAS requirements. This condition denied access to the Plaintiff.

bb) The maneuvering clearance to exit the restroom was obstructed in violation of the 2010 ADAS requirements. This condition made it difficult to exit without assistance.

cc) The curtain rods are inaccessible to Mr. Fisher and in violation of the ADAAG and 2010 ADAS requirements.

dd) The desk lacks required knee clearance and violates the ADAAG and 2010 ADAS requirements. This condition prevents access by the Plaintiff.

ee) The wet bar and mirror in the guestroom were inaccessible to Mr. Fisher and in violation of the ADAAG and 2010 ADAS requirements.

ff) The door lacks the required approach space and violates the ADAAG and 2010 ADAS requirements. This condition denied access to Plaintiff.

gg) The restroom slopes at the door and violates the ADAAG and 2010 ADAS requirements. This condition created a safety hazard to the Plaintiff.

hh) The shower and tub seat are improperly designed and violates the ADAAG and 2010 ADAS requirements. This condition made it difficult for Plaintiff to bathe without assistance.

ii) The flush control on the wall side is in violation of the ADAAG and 2010 ADAS requirements. This condition made it difficult to flush the toilet safely.

jj) The rear grab bar is less than 36" and violates the ADAAG and 2010 ADAS requirements.

kk) The toilet paper dispenser is improper and violates the ADAAG and 2010 ADAS requirements. This condition made access more difficult.

ll) The clear floor space at the water closet is obstructed and violates ADAAG and 2010 ADAS requirements. This condition makes it difficult to access the water closet by the Plaintiff.

mm) The side grab bar fails to extend 54" from the rear wall and violates ADAAG and 2010 ADAS requirements. This condition made it more difficult for Plaintiff to use grab bars.

nn) The mirror near the water closet is obstructed by the grab bar that is mounted beyond the maximum allowable height and violates the ADAAG and 2010 ADAS requirements. This condition obstructed use by the Plaintiff.

oo) The showers grab bars and controls are inaccessible and violate the ADAAG and 2010 ADAS requirements. This condition made bathing difficult for Plaintiff.

7

pp) The shower is not of the required design in violation of 2010 ADAS requirements. This condition obstructed use by the Plaintiff.

qq) There is less than 36" between both beds in violation of 2010 ADAS requirements. This condition made access more difficult for Plaintiff.

**Maintenance**

rr) The accessible features of the facilities are not maintained, creating barriers to access for the Plaintiffs, as set forth herein, in violation of 28 CFR §36.211.

15. The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

16. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiffs, and all other individual members of the Plaintiff organization similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facility, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiffs, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendant has discriminated against the Plaintiff organization and member

Steven Fisher, by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. ' 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between Plaintiffs and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

19. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's

facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

22. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter DoubleTree Suites by Hilton Salt Lake City to make the facility readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible

to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

  c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

  d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Date: March 4, 2019

Respectfully submitted,

Carolyn Perkins, Esq. (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
Telephone: (801) 405-9954
E-mail: cperkins@12law.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone:(305) 891-5199
Facsimile: (305) 893-9505
E-mail: Lfuller@fullerfuller.com