IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Steven Fisher, and Access 4 All, Inc., <br><br>Plaintiff, <br>v. <br><br>Urban Salt Lake Hotel Company, LLC,, <br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL AND IMPOSE SANCTIONS <br><br>Case No. 2:19-cv-158 TC <br><br>District Judge Tena Cambell <br><br>Magistrate Judge Dustin B. Pead |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) from District Judge Tena Campbell. (ECF No. 23.) Before the court is Plaintiff's Motion to Compel responses to discovery and allow a Rule 34 Inspection. (ECF No. 28.) Plaintiff also seeks sanctions as part of the motion. The court has reviewed the motion and the response filed by Defendant. Upon doing so, the court decides the matter without oral argument. See DUCivR 7-1(f) (2019).

This case is brought under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. Defendant owns the DoubleTree Suites by Hilton Hotel in Salt Lake City, Utah. Plaintiff claims he has suffered and will continue to suffer "direct and indirect injury as a result of Defendants discrimination" for a failure to comply with the requirements of the ADA. (ECF No. 2 p. 2.) Among the things Plaintiff takes issue with are alleged violations with parking requirements, entrances, access to common areas and goods and services, maintenance, and access to guestroom areas. (ECF No. 2 p. 4-8.)

Plaintiff scheduled an inspection on August 21, 2019, without consulting Defendant. The inspection did not go forward due to disagreements. Plaintiff unilaterally scheduled another inspection date and it also did not occur as the parties disagreed about the scope of inspection.

Plaintiff has also served discovery requests that were not responded to due to disagreements regarding their scope.

The court is concerned by the lack of cooperation by Plaintiff's counsel as demonstrated in the email correspondence attached to Defendant's opposition. It appears that the parties were pursuing settlement options, yet, counsel for Plaintiff failed to respond to the proposed settlement agreement.

Additionally, based on the correspondence, Plaintiff's motion looks to be a strong-arm litigation tactic to force an inspection date and is void of any sense of cooperation. Local Rule 37-1, which governs short form discovery motions such as the instant one, provides that the motion "must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the names of all participating parties or attorneys." The certification here is deficient and the record demonstrates that Plaintiff's counsel failed to seek any type of meaningful meet and confer prior to filing the current motion. Plaintiff's counsel's conduct appears so egregious, in fact, that Defense counsel seeks sanctions for having to respond to the instant motion. The court will not grant Defendant's request for sanctions at this time, however, further similar conduct by Plaintiff's counsel may warrant sanctions. *See Peters*, 151 Fed. Appx. 549, 550 (affirming district court's award of attorney fees to the defendants because of plaintiff's actions).

Because Plaintiff failed to meaningfully meet and confer the court will not address the outstanding discovery requests. The court, however, has reviewed the Rule 34 request for entry of inspection, *see* Exhibit A to Plaintiff's Motion, ECF No. 28-1, through the lens of the Complaint. The court agrees with Defendant that under the principles set forth by this court in *Ford v. Jalisco Mkt., LLC,* 2:16-cv-619-CW, 2017 WL 4621612, at *7 (D. Utah Oct. 13, 2017),

it is overbroad. *See also*, *Peters v. Winco Foods, Inc.*, 151 Fed. Appx. 549, 580 (9th Cir. 2005) (limiting Rule 34 inspection to specific barriers to access alleged in the complaint alleging violations of ADA); *Harty v. SRA/Palm Trails Plaza*, 755 F.Supp.2d 1215 (S.D. Fla. 2010) (same); *Macort v. Goodwill Industries-Manasota*, 220 F.R.D. 377 (M.D. Fla. 2003) (same); *Duldao v. Target Corp.*, No. 8:11-cv-02446VMC-AEP, 2012 WL 6008484 ("Duldao does not have standing to challenge any access barriers beyond those specified in paragraph 15 of the Amended Complaint."). The parties, and specifically Plaintiff in this instance, should have sought to narrow those inspection requests prior to filing any motion with the court.

Accordingly, Plaintiff's motion is DENIED and any further motions brought to the court must comply with the meet and confer requirements found in the rules.

DATED this 8 January 2020.

_____
Dustin B. Pead
United States Magistrate Judge